[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11390
Non-Argument Calendar
_____

D.C. Docket No. 6:04-cr-00005-HL-3


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEMETRIUS LEE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(October 11, 2013)

Before WILSON, KRAVITCH and ANDERSON, Circuit Judges.

PER CURIAM:

Demetrius Lee appeals the district court's denial of his 18 U.S.C.

§ 3582(c)(2) motion to reduce his sentence.  After careful review, we affirm.

Lee pleaded guilty in 2004 to one count of possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).  At sentencing, the district court found Lee responsible for 6.6 grams of crack cocaine, which produced a base offense level of 26 under the drug-conversion tables in place at the time.  *See* U.S.S.G. § 2D1.1 (2004).  But because Lee qualified as a career offender subject to a 40-year statutory maximum, his total offense level, after other adjustments, became 31, with a corresponding guidelines range of 188 to 235 months.  *See id.* § 4B1.1(b).  The court imposed a 190-month sentence.

In 2012, Lee moved to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 750 to the guidelines and the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111-220, 124 Stat. 2372.  The district court denied the motion, concluding it lacked authority to reduce Lee's sentence.  This is Lee's appeal.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)."  *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir.), *cert. denied*, 133 S. Ct. 568 (2012).  A district court may reduce a defendant's sentence only when he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).

Lee argues he is eligible for a sentence reduction because the district court considered the drug quantity tables in applying the career-offender provision and

2

because those tables "remained a point of reference" at sentencing.  Because Lee

was sentenced as a career offender, however, he is ineligible for § 3582(c)(2)

relief.  *United States v. Moore*, 541 F.3d 1323, 1327-28 (11th Cir. 2008).[1]  Lee also

contends that the FSA authorized reduction of his sentence.  But Lee was

sentenced in 2004, and the FSA is not retroactive to defendants sentenced before

August 3, 2010, the date it took effect.  *United States v. Berry*, 701 F.3d 374, 377

(11th Cir. 2012).  The district court therefore correctly concluded it lacked

authority to reduce Lee's sentence.

     **AFFIRMED.**

---

[1] Lee asserts that the Supreme Court's decision in *Freeman v. United States*, 131 S. Ct. 2685 (2011), abrogated *Moore*.  This argument is foreclosed by circuit precedent.  *See Lawson*, 686 F.3d at 1321.